JULIUS JOHN BALTA, Plaintiff-Appellant, v. JOHN W. FOREE, Defendant-Respondent.—267 S. W. (2) 353.

Springfield Court of Appeals. Opinion delivered April 19, 1954.

*Eugene E. Northern, Breuer & Northern,* for Appellant.

*Dearing & Matthes, William H. Tanny, W. H. S. O'Brien,* for Respondent.

BLAIR, J.—At the request of Honorable Emory W. Allison, regular judge of the 39th Judicial Circuit of Missouri, the Supreme Court assigned Honorable Claude E. Curtis, regular judge of tht 19th Judicial Circuit, to hear this case and to make all necessary orders therein.

Appellant, who was plaintiff below, on May 26, 1953, filed a petition in two counts. That petition is very long, but in substance charged the defendant with careless and negligent driving of his automobile on U. S. Highway No. 66, which resulted in personal injury to the plaintiff and damages to his automobile.

He asked for judgment for damages in the sum of $1000.00 on the first count, and judgment for damages of $316.85 on the second count of the petition.

Defendant filed an answer to the first count of plaintiff's petition and also an answer to the second count of said petition. He denied negligence in his answer and also filed a counterclaim, alleging the negligence on the part of plaintiff and asking judgment for damages to himself in the sum of $6000.00.

Trial was begun May 26, 1953. At the conclusion of the evidence and the instructions of the trial court, the jury returned an unanimous verdict for the then plaintiff, in the sum of $300.00, on each count of his petition and also found for plaintiff on defendant's counterclaim. Judgment was rendered accordingly.

The then defendant filed a motion for a new trial. That motion was sustained by the trial court and a new trial was granted for alleged error of the trial court for giving and reading to the jury instruction No. 1. Thereupon, the original plaintiff was granted an appeal to this Court.

Besides the alleged error in instruction No. 1, the motion for a new trial charged error in several respects; but the case comes to us almost entirely as to the correctness of instruction No. 1. Both appellant and respondent have directed their briefs to the correctness of that instruction, and we feel that the decision on that point is all that is necessary.

Under his Points and Authorities, appellant makes the following contentions:

"(a) An operator of a motor vehicle is required to exercise the highest degree of care.

"(b) Under the laws of the State of Missouri, no vehicle shall be driven into a highway unless the highway is sufficiently free from approaching vehicles to permit such vehicle to enter the lane of moving vehicles without danger of collision.

"(c) It was the duty of Defendant-Respondent not to drive his automobile out upon Highway 66 unless said highway was free of approaching traffic and it was his duty at all times to operate his said automobile so as not to endanger the lives and property of others upon said highway. This duty existed whether he saw it, or, by the exercise of the highest degree of care could have seen Plaintiff-Appellant approaching, or whether he had reason to believe that a collision would occur."

The only error charged against the trial court seems to be the alleged impropriety of giving and reading to the jury instruction No. 1. This requires a consideration of the instruction and the evidence in the case.

Appellant makes the following contention:

It is our contention that in this case at Bar the law placed a duty upon the Defendant-Respondent to exercise the highest degree of care and not to drive his automobile out upon the paved portion of said highway and cross said highway, and ·in front of Plaintiff's motor vehicle when Plaintiff's motor vehicle was so close that the Plaintiff could not thereafter by the ·exercise of the highest degree of care slacken the speed of his car, or to stop it, or to swerve the same, and thus avoid running into Defendant's automobile. It is our contention that it makes no difference whether the Defendant-Respondent saw, or could have seen, Plaintiff-Appellant's automobile, and it is our contention that it makes no difference whether the Defendant-Respondent saw that there was apparent danger.''

In other words, it is the contention of appellant that instruction No. 1 properly stated the law, under the evidence in this case, and that the trial court improperly sustained defendant's motion for a new trial. For a statement of the facts of the case, the brief of defendant is very clear, and should be set out:

''Plaintiff-Appellant filed his petition in two counts in the Circuit Court of Phelps County, Missouri, wherein he sought to recover damages for personal injuries and for property damage sustained by him as result of an automobile collision which occurred on U. S. Highway 66 in Pulaski County, Missouri, as result of a collision between the car owned and operated by the Plaintiff-Appellant and the automobile owned and operated by Defendant-Respondent, the Defendant-Respondent being a resident of Phelps County, Missouri. Among several charges of negligence, Plaintiff alleged that, the defendant was sitting in his parked· car at the right hand side of said Highway 66, and immediately adjacent thereto, as the Plaintiff proceeded Eastwardly along said highway, in the outside lane thereof, when the Defendant, without warning, turned from a position of safety, into and across the Eastbound lane of traffic on said highway in an abrupt and sudden manner and in dangerous proximity to the oncoming car of the plaintiff in said lane of travel, and so close that it was impossible for the Plaintiff, with the exercise of the highest degree of care, to avoid the collision between his car and that of the Defendant, thus and thereby directly contributing to cause said collision and injuries to the Plaintiff.

''There were similar charges of negligence in Plaintiff's petition.

''The Defendant answered by denying negligence on his part and alleged a counter-claim against Plaintiff-Appellant in which he sought to recover damages for his personal injury. The case was tried and submitted to the jury and the jury returned a verdict in favor of Plaintiff-Appellant in the sum of $300.00 on Count I of Plaintiff's Petition and $300.00 on Count II of Plaintiff's Petition, and found against the Defendant-Respondent on Defendant-Respondent's Counter Claim. Thereafter, Defendant-Respondent filed his motion for

New Trial, which Motion for New Trial was by the Trial Court sustained for the reason that the Court erred in giving and reading to the jury Instruction No. 1 and it is from this order or judgment for a New Trial that this Plaintiff-Appellant has appealed.''

Instruction No. 1 is as follows:

''The Court instructs the jury that if you find and believe from the evidence that on August the first, 1950, plaintiff was operating his motor vehicle in an easterly direction over and along U. S. Highway 66, at the point mentioned in evidence, and with the highest degree of care, and at said time and place defendant's automobile was parked to the south of the east bound traffic lane of said highway mentioned in evidence, and thereafter as the plaintiff approached the defendant negligently drove his said automobile out upon the paved portion of said highway and across said highway and in front of plaintiff's motor vehicle, if so, when the plaintiff's motor vehicle was so close that the plaintiff could not thereafter, by the exercise of the highest degree of care, slacken the speed of his car or to stop it or swerve the same, if you so find, and as a result of the negligence of said defendant, if any, the motor vehicle of the plaintiff ran into and collided with the defendant's automobile, and plaintiff was thereby injured and his automobile damaged, if so, then your verdict should be for the plaintiff.''

The first objection to that instruction, is that it assumed as true a controverted fact. Defendant cites the case of Weinel v. Hesse, et al. 174 S. W. (2d) 903, by the St. Louis Court of Appeals. That Court has well said, ''That it is error to assume, in an instruction, the truth of a matter in issue, is well settled.'' Citing many cases in support thereof.

The law is well settled that an instruction can only be based on the evidence. Defendant contends that there was nothing in the testimony that plaintiff could not have slackened his speed, swerved the course of his car or stopped it and thereby prevented a collision. There is no question under plaintiff's testimony, that he saw the automobile of defendant, as it approached the highway. He testified as follows:

''Then will you go ahead and tell the jury just what happened from there on? A. Well, from thereon, I figured he might stop, so I drifted out over to the other side of the road, and when he didn't stop and I seen he wasn't going to stop, I put on all I had and, well, everybody in my car went down to the floor, and if we had a few more feet I believe I could have made it.''

Notwithstanding the testimony of plaintiff, the court told the jury in instruction No. 1 that plaintiff was entitled to recover if defendant drove his automobile in front of plaintiff's car, when ''plaintiff could not thereafter, by the exercise of the highest degree of care, slacken the speed of his car or to stop it or swerve the same,'' and

thus avoid running into defendant's automobile. Plaintiff himself had testified that he saw defendant's car and knew that defendant was not going to stop, and that plaintiff thereafter put on all that he had, and if he had had a few feet more, he believed that he could have made it.

Defendant claimed that the court erred in telling the jury that plaintiff was entitled to recover, "if plaintiff could not thereafter, by the exercise of the highest degree of care, slacken the speed of his car or to stop it," and thus avoid the collision.

The evidence in this case shows that plaintiff saw defendant in plenty of time to have slackened the speed of his own car enough to have avoided the collision, if he had not endeavored to beat defendant's car in making the crossing.

The trial court properly found that instruction No. 1 authorized the jury to find for plaintiff, even though there was no evidence that plaintiff could not have avoided the collision, if he had exercised proper care. He may have thought that defendant had no right to cross the highway in front of his car. The jury may have thought that defendant had no such right. There is nothing in the other instructions which cured this error.

The trial court properly granted a new trial for the error it found in instruction No. 1, and its action in granting such new trial should be approved.

It is so ordered. *McDowell, P. J.,* and *Stone, J.,* concur in result.